UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TOMAS CAMARA (#A204-589-251)** | **DOCKET NO. 6:16-cv-779; SEC. P** |
| **VERSUS** | **JUDGE FOOTE** |
| **DEPT. OF HOMELAND SECURITY** | **MAGISTRATE JUDGE WHITEHURST** |

### MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Tomas Camara. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE), housed at the Houston Processing Center in Houston, Texas. At the time of filing his petition on June 7, 2016, Petitioner was incarcerated at the Pine Prairie Detention Center in Pine Prairie, Louisiana. Petitioner challenges his continued detention under the Constitution and laws of the United States.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Procedural History

Petitioner is a native and citizen of Guinea. He entered the United States on September 1, 1998, in New York City as a B-2 visitor. (Doc. 1, p. 15). Petitioner failed to depart. On April 22, 2014, Petitioner was convicted of marijuana distribution in the District Court for Fairfax County, Virginia. (Doc. 1, p. 15). On March 5, 2015, Petitioner was convicted of fourth degree burglary in the Circuit Court of Worcester County, Maryland. (Doc. 1, p. 15).

On March 30, 2015, Petitioner was issued a notice to appear. On July 8, 2015, an immigration judge ordered Petitioner removed. (Doc. 1, p. 15). Petitioner reserved his right to appeal, but did not file an appeal with the Board of Immigration Appeals. Thus, his order of removal

became final on August 8, 2015. (Doc. 1, p. 15). Petitioner has remained in DHS/ICE custody since that date. He received custody reviews on December 2, 2015, January 20, 2016, and May 19, 2016. (Doc. 1, p. 15-17).

According to Petitioner's custody review documents, a travel document was requested from the Guinea government, and is expected to be issued. (Doc. 1, p. 15-17).

### Instructions to Amend

Petitioner claims that his continued detention is unconstitutional under Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Under Zadvydas, it is presumptively constitutional for an alien to be detained for six months following a final order of removal. Id. After the expiration of the six-month period, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Agyei-Kodie v. Holder, 418 F. App'x 317, 318 (5th Cir. 2011). Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in Zadvydas.

In Andrade v. Gonzales, 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit Court of Appeals reiterated that the Supreme Court's holding in Zadvydas creates no specific limits on detention. In fact, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. Id. at 543 (citing Zadvydas, 533 U.S. at 701). **The alien bears the initial burden of proof to show that no such likelihood of removal exists.** Id.

**IT IS ORDERED** that Petitioner amend his complaint within thirty (30) days of the filing of this Order to provide factual allegations demonstrating that there is no significant likelihood of

his removal in the reasonably foreseeable future.

**Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.**

**Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.**

THUS DONE AND SIGNED in chambers in Lafayette, Louisiana, this 1st day of August, 2016.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**