UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**TOMAS CAMARA (#A204-589-251)**         **DOCKET NO. 6:16-cv-779; SEC. P**

**VERSUS**                                **JUDGE FOOTE**

**INDALECIO RAMOS**                       **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

Plaintiff Tomas Camara filed a Petition for Habeas Corpus (28 U.S.C. §2241) on June 7, 2016. When he filed his suit he was an inmate at the Pine Prairie Detention Center, Pine Prairie, Louisiana. [Rec. Doc. 1] On June 13, 2016, the plaintiff informed the Court of his transfer to the Houston Processing Center CCA, Houston Texas. [Rec. Doc. 4]  On August 1, 2016, the undersigned issued a Memorandum Order directing plaintiff to amend his complaint on the approved forms to provide additional information. [Rec. Doc. 7]  That order was mailed to plaintiff at the Houston Processing Center CCA, yet was returned on August 15, 2016. [Rec. Doc. 8] On August 18, 2016, the plaintiff informed the Court of his transfer to KROME SPC, Miama, Florida. [Rec. Doc. 9] The Clerk of Court mailed the Memorandum Order [Rec. Doc. 7] to KROME SPC, Miama, Florida, which was returned as "unclaimed, unable to forward," on September 6, 2016. [Rec. Doc. 10]  Attempts to locate plaintiff *via* the U.S. Immigration and Customs Enforcement data base have also proven unsuccessful. [See https://locator.ice.gov/odls/searchByAlienNumber.do]

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to

2

invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Petition for Habeas Corpus be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,*
*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lafayette , Louisiana, this 30th day of November, 2016.

                                                                                                   **CAROL B. WHITEHURST**
                                                                                                   **UNITED STATES MAGISTRATE JUDGE**